**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> G. KELLY, M.D. Psychologist at Corcoran State Prison #1; et al., <br><br> Defendants-Appellees. | No. 15-17262 <br><br> D.C. No. 1:11-cv-01090-LJO-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 08, 2018[**]

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Jamisi Jermaine Calloway, a California state prisoner, appeals pro se from

the district court's judgment dismissing in his 42 U.S.C. § 1983 action alleging

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo cross-motions for summary judgment.  *Guatay Christian*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. Cty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Calloway's retaliation claims because Calloway failed to raise a genuine dispute of material fact as to whether defendants acted with retaliatory motive or whether their conduct failed to advance a legitimate penological purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)).

The district court properly dismissed Calloway's medical deliberate indifference claim because Calloway failed to allege facts sufficient to show that defendants disregarded a substantial risk of serious harm to Calloway's health. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (setting forth the elements of a medical deliberate indifference claim); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii)).

15-17262

The district court did not abuse its discretion by denying Calloway's requests for further discovery because Calloway does not show actual and substantial prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (stating that "a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Calloway's requests for oral argument and to appear by video conference (Dkt. 29) are denied as moot.

**AFFIRMED.**